**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEI CHEN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 07-71094<br><br>Agency No. A095-673-936<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Mei Chen, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order summarily affirming an immigration judge's ("IJ")

decision denying her application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C § 1252. We review for substantial evidence the agency's adverse credibility findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

The agency's adverse credibility finding is supported by substantial evidence because at Chen's airport interview Chen relied solely on her participation in Falun Gong and omitted any mention of fear based on China's family planning policies. *See Li v. Ashcroft,* 378 F.3d 959, 962-63 (9th Cir. 2004) (sworn airport interview statement was a reliable impeachment source that supported adverse credibility determination); *id.* at 962 (as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the claim, we are bound to accept the agency's adverse credibility finding). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Chen's CAT claim is based on the same evidence the agency found not credible and she points to no other evidence in the record to show it is more likely than not that she would be tortured in China, her CAT claim fails. *See Farah*, 348 F.3d at 1156-57.

**PETITION FOR REVIEW DENIED.**